UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MASIH H. MUHAMMAD,

        Plaintiff,

v.

UNITED STATES ATTORNEY
GENERAL, et al.,

        Defendants.

Case No. 1:10-cv-488

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

This is a civil action brought by a *pro se* plaintiff against the United States Attorney General, the Department of Justice, and the Kent County Circuit Court. Plaintiff's unsigned complaint contains only the following allegation of facts:

> Paula Taylor is racist hate monger[.] She discriminated and refuse service of Plaintiff Tuesday having him wait over 40 min - the finance office workers and desk clerk are racist toward myself Muslim and Black. Amer[ican.]

(Complaint, docket # 1, at 3). The complaint does not seek any specific relief.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*,

490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court need not accept as true legal conclusions or unwarranted factual inferences. *See White v. United States*, 601 F.3d 545, 552 (6th Cir. 2010); *DirecTV*, 487 F.3d at 476. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

**Discussion**

Plaintiff's complaint suffers from numerous, fatal deficiencies. Discussion of only the most glaring shortcomings will suffice. First, plaintiff sues the United States Attorney General and the United States Department of Justice, but alleges no basis for a claim against them. The only person alleged to have violated plaintiff's rights, Paula Taylor, is said to be an employee of the 17th Circuit Court. The 17th Circuit Court is part of the judicial branch of the State of Michigan and is not under the jurisdiction of the Attorney General or the Department of Justice. Furthermore, as an agency of the United States, the Department of Justice is entitled to the protection of sovereign immunity in the absence of an express waiver by Congress. *See Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003).

Plaintiff's claims against the Kent County Circuit Court are similarly barred by the doctrine of sovereign immunity, as embodied in the Eleventh Amendment. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The circuit courts of the State of Michigan are clearly arms of the state and are therefore immune from suit. Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1; *see Smith v. Oakland County Circuit Court*, 344 F. Supp.2d 1030, 1055 (E.D. Mich. 2004). The Sixth Circuit has squarely

held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986).

Plaintiff's suit arises from an incident that apparently occurred in the office of the Clerk of the Kent County Circuit Court. His complaint fails to state any claim against the Attorney General of the United States or the Department of Justice arising from this incident, and the Department of Justice is immune from suit in any event. Likewise, the 17th Circuit Court itself is immune under the Eleventh Amendment.

**Recommended Disposition**

For the foregoing reasons, I recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted and on grounds of absolute immunity.

Dated: May 27, 2010 /s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).